UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBRA WILLINGHAM,<br><br>                    Plaintiff,<br><br>        v.<br><br>INCYTE, CORPORATION et al.,<br><br>                    Defendants. | CASE NO. 3:24-cv-05242-LK<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendant Incyte, Corporation's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

Plaintiff Debra Willingham worked for Incyte as an Oncology/Hematology Specialist. Dkt. No. 1-2 at 2. Throughout her employment, she worked remotely from her home with equipment provided by Incyte. *Id.* at 5.

In May 2021, Incyte required that all of its employees be vaccinated against the COVID-19 virus by August 1, 2021 unless they had a medical or religious exemption. *Id.* at 4. Ms.

ORDER DENYING MOTION TO DISMISS - 1

Willingham, a "practicing Christian," sought a religious exemption from the requirement because "receiving the vaccination was in violation of her sincerely held religious beliefs." *Id.* at 2–3. In her exemption request, Ms. Willingham wrote:

> I believe in God, was raised in the Catholic education system and live my life according to the Bible in all aspects. The Bible is clear on protecting the life of an unborn child in the womb. The Pfizer and Moderna vaccines use aborted fetal cell lines during confirmation tests. J&J uses fetal cell lines in vaccine development, confirmation and production. I am opposed to taking these vaccines where aborted fetal cell lines were used based on my sincerely held religious beliefs.

*Id.* at 4. Ms. Willingham later supplemented her request by stating that she "confirmed [her] religious beliefs based on teachings of the Catholic Church," and she set forth a portion of the Vatican's statement regarding COVID-19 vaccinations. *Id.* at 4–5. Incyte placed Ms. Willingham on administrative leave on August 1, 2021, denied her request for a religious accommodation on August 25, 2021, and terminated her employment effective August 26, 2021. *Id.* at 5.

Ms. Willingham filed this lawsuit on January 25, 2024 in Pierce County Superior Court. *Id.* at 2. She asserts a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") for failure to accommodate her religious beliefs, *id.* at 6–7, and a claim under the Washington Law Against Discrimination ("WLAD") for religious discrimination, *id.* at 7. Incyte was served with the complaint on March 11, 2024, and removed the case to this Court on March 29, 2024. Dkt. No. 1 at 2. This motion to dismiss followed.

## II. DISCUSSION

The Court has jurisdiction over Ms. Willingham's Title VII claim under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over her WLAD claim under 28 U.S.C. § 1367(a) because it is so related to Ms. Willingham's federal claim that they form part of the same case or controversy.

A.     **Legal Standard**

When deciding a motion under the Rule 12(b)(6) standard, a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss).

B.     **Ms. Willingham Has Stated a Claim**

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). An employer must "reasonably accommodate" an employee's religious practice unless such accommodation would impose "undue hardship on the conduct of the employer's business." *Id.* § 2000e(j).

Under the WLAD, employers may not refuse to hire, discharge, bar from employment, or discriminate against in compensation or other terms of employment any person because of their religion. Wash. Rev. Code § 49.60.180; s*ee Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 203 (Wash. 2014). The WLAD provides a cause of action for failure to reasonably accommodate an employee's religious practices. *Kumar*, 325 P.3d at 203.

To successfully plead a Title VII or WLAD failure-to-accommodate claim, a plaintiff must plausibly allege that (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected her to an adverse employment action because of her inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also North v. Washington*, No. 3:23-cv-05552-TMC, 2023 WL 8281609, at *2 (W.D. Wash. Nov. 30, 2023). Once a plaintiff has alleged a prima facie case of religious discrimination, the burden shifts to the employer to "establish that it initiated good faith efforts to accommodate the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (quoting *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)). A WLAD failure-to-accommodate claim includes substantially the same elements as a Title VII failure-to-accommodate claim. *Kumar*, 325 P.3d at 203. The Court thus analyzes Ms. Willingham's state and federal claims together.

Here, Ms. Willingham has sufficiently pled that she informed Incyte of her religious beliefs. Dkt. No. 1-2 at 4–5. She has also sufficiently pled that her request for an accommodation—an exemption from the policy—was denied and she was consequently discharged. *Id.* at 5. Incyte argues that dismissal is nonetheless warranted because Ms. Willingham's complaint does nothing more than recite the elements of her claim and does not specify how the practice of her religion

conflicted with an employment duty. Dkt. No. 10 at 2. It further argues that the full text of the Vatican's note, which it urges the Court to consider as incorporated into the complaint by reference, advised that it is "*morally acceptable to receive COVID-19 vaccines that have used cell lines from aborted fetuses in their research and production process.*" *Id.*; Dkt. No. 10-1 at 1.

Ms. Willingham responds that she need only provide a short and plain statement of the claim showing that she is entitled to relief, and she has done so. Dkt. No. 11 at 5 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)); *see also* Fed. R. Civ. P. 8(a). She further argues that the term "religion" "includes all aspects of religious observance and practice, as well as belief." Dkt. No. 11 at 6 (quoting 42 U.S.C. § 2000e-(j) (emphasis omitted). She contends that despite that broad definition, Incyte "seeks to disagree with [her] statement regarding her own religious beliefs and thus disqualify [her] own statements regarding her religious beliefs and their conflict with the Incyte's COVID-19 vaccination mandate policy." *Id.* at 6–7. She argues that her statement to Incyte that she was "opposed to taking these vaccines where aborted fetal cell lines were used based on [her] sincerely held religious beliefs" is sufficient. *Id.*

The Court agrees with Ms. Willingham. Even if it considers the Vatican's full statement as incorporated into the complaint by reference as Incyte urges, that statement does not necessarily undermine Ms. Willingham's claim.[1] Incyte's motion assumes that Ms. Willingham's religious beliefs are entirely consistent with the Vatican's position as expressed through its statement, Dkt. No. 10 at 2–5, 9–11; Dkt. No. 10-1 at 2–3; Dkt. No. 13 at 3–5, but her complaint suggests this may not be the case. Dkt. No. 1-2 at 4 (stating that "confirmed [her] religious beliefs based on teachings of the Catholic Church," that she "live[s her] life according to the Bible in all aspects," and that

---

[1] A document can be considered "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has distilled the inquiry into a three-part test: (1) the complaint must refer to the document; (2) the document must be central to the plaintiff's claim; and (3) the document's authenticity must be undisputed. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

ORDER DENYING MOTION TO DISMISS - 5

taking the COVID-19 vaccines conflicts with Biblical teachings). While the Court is not required to take "plaintiffs' conclusory assertions of violations of their religious beliefs at face value, . . . the burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). Courts "do not interrogate the reasonableness of [a plaintiff's] beliefs and instead focus [their] inquiry on whether she has alleged an actual conflict." *Id.*

Here, Ms. Willingham has sufficiently alleged a conflict between her religious beliefs and Incyte's requirement that all employees receive a COVID-19 vaccine. Dkt. No. 1-2 at 4–5. Her description of her religious beliefs and how they conflict with Incyte's vaccine requirement amount to more than the threadbare assertions other courts have found insufficient. *Compare, e.g.*, *North*, 2023 WL 8281609, at *2 (dismissing complaint without prejudice when plaintiff's complaint stated that she had sincerely held religious beliefs that prevented her from receiving the COVID-19 vaccination without providing any factual detail); *Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1113 (W.D. Wash. 2023) ("Nowhere in Plaintiff's complaint does he specifically state what religious beliefs he holds or why his religious beliefs conflict with [Defendant's] vaccine requirement."), *with Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 16 (1st Cir. 2024) (plaintiff stated a Title VII claim where she "stated her understanding that presently available COVID-19 vaccines were developed using fetal cell lines that originated from aborted fetuses" and "explained that taking the vaccine would make her complicit in the performance of abortions which would be 'an aberration to [her] Christian faith.'"); *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023). Ms. Willingham has therefore stated a claim under Title VII and the WLAD.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Incyte's Motion to Dismiss. Dkt. No. 10.

Dated this 15th day of October, 2024.

*Lauren King*

Lauren King
United States District Judge